948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth HESTAND, Plaintiff-Appellant,
v.
Richard H. CLARK, et al., Defendants-Appellees.
 No. 90-3226.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Kenneth Hestand maintains in this action under 42 U.S.C. § 1983 that prison officials denied him a medically appropriate mattress. The case was settled: the defendants promised to pay Hestand $160 and provide an appropriate mattress. The magistrate judge, hearing the case by consent of the parties, see 28 U.S.C. § 636(c)(1), dismissed the action.
 
 
 2
 Hestand wants the suit reinstated. See McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir.1985). The judge refused. Hestand says that the defendants have not complied with their undertakings. Defendants reply that Hestand has refused to accept delivery of the check and mattress; they believe that he is trying to back out of his agreement. (Hestand's reply brief, stating that he "is still willing to settle this cause of action with the exception that the defendants add two (2) more hundred dollars", offers some support for this view.) Hestand believes that the judge should have either reinstated the case or held an evidentiary hearing to determine who is telling the truth.
 
 
 3
 An evidentiary hearing is appropriate only if there is a disputed issue of material fact. Usually the existence of such a dispute is to be determined by inspecting the affidavits and other evidence on file. See Fed.R.Civ.P. 56. This is not a motion for summary judgment, but the same principles apply. Defendants filed a verified statement, swearing that they sent the check by certified mail and that Hestand refused delivery; they also verify that he refused to accept the mattress. Hestand denies that he received a check, but the denial is not under oath. He concedes that the prison attempted to deliver a new mattress but complains that "the old one would have to be turned in." Under the circumstances, the judge was entitled to conclude that Hestand has not established a material dispute calling for evidentiary proceedings.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record